SULLIVAN HILL LEWIN REZ & ENGEL    **Electronically Filed: 05/10/2018**
A Professional Law Corporation
 James P. Hill, SBN 90478
 Gary B. Rudolph, SBN 101921
 Kathryn A. Healy, SBN 279602
550 West "C" Street, Suite 1500
San Diego, California 92101
Telephone:  (619) 233-4100
Fax Number: (619) 231-4372

Attorneys for Plaintiff, Richard M Kipperman, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | CASE NO. 13-03755-MM7 |
| WILLIAM FRANCIS SLATTERY, JR., | Chapter 7 |
| Debtor. | ADV. NO. |
| RICHARD M KIPPERMAN, CHAPTER 7 TRUSTEE, | **COMPLAINT FOR DECLARATORY RELIEF AND TURNOVER OF PROPERTY OF THE ESTATE** |
| Plaintiff, | |
| v. | |
| SOPHIE SCARLETT, LLC, | |
| Defendant. | Dept.: 1, Rm. 218<br>Hon. Margaret M. Mann |

Comes now Plaintiff Richard M Kipperman, the Chapter 7 Trustee ("Plaintiff" or "Trustee") of the above-referenced bankruptcy estate of William Francis Slattery, Jr. ("Debtor"), and alleges as follows:

## I.

## PARTIES

1.     On April 12, 2013 ("Petition Date"), the Debtor filed a voluntary petition

for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") [1] in the U.S. Bankruptcy Court for the Southern District of California ("Court"), initiating the Chapter 7 case In re William Francis Slattery, Jr., Case No. 13-03755-MM7 ("Bankruptcy Case"). That same date, Richard M Kipperman was appointed as Chapter 7 Trustee of the Debtor's Chapter 7 estate ("Estate").

2.    Plaintiff is informed and believes and thereon alleges that defendant Sophie Scarlett, LLC ("SS, LLC" or "Defendant") is, and at all relevant times has been, a limited liability company organized and existing under and by virtue of the laws of the State of Wyoming and doing business in the State of Wyoming. Plaintiff is further informed and believes and thereon alleges that at all relevant times, SS, LLC was an "insider" of the Debtor as that term is defined in Section 101(31).

## II.

## JURISDICTION

3.    This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§157, 1334 and 2201 as well as General Order 312-E of the U.S. District Court for the Southern District of California.  This action is commenced pursuant to Sections 362, 542, 544, 548, 549, 550, and 551; 28 U.S.C. § 2201(a); California Civil Code §§ 3439.04(a) and 3439.07; and Rule 7001(1)(2) and (9).

4.    This Court may hear and determine the instant proceeding and enter appropriate orders and judgments pursuant to 28 U.S.C. § 157(b)(1) and (2).  This proceeding relates to the Bankruptcy Case and is a core proceeding as set forth in 28 U.S.C. §157(b)(1) and (2)(A)(E)(H) and (O) in that it seek an accounting and turnover of property that is property of the Estate by virtue of avoidable ad recoverable transfers under Sections 362, 542, 544, 548, 549, 550, and/or 551.

5.    Pursuant to Rule 7008, Plaintiff hereby consents to the entry of final

---

[1] Unless otherwise indicated, all "Chapter" and "Section" references are to the Bankruptcy Code and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001 – 9037.

orders or judgment by the Court.

6.      Pursuant to Local Bankruptcy Rule 7008-1, if the Court determines this proceeding is a core proceeding, Plaintiff hereby consents to the entry of final orders or judgment by the Court.

**III.**

**GENERAL ALLEGATIONS**

**A.      M2 Obtained a $1,340,994 Arbitration Award.**

7.      Plaintiff is informed and believes and thereon alleges that on January 10, 2011, at M-Squared LLP ("M2")'s request, the San Diego Superior Court entered a money judgment against the Debtor in Case No. 37-2008-00100995-CU-BC-NC, which confirmed an arbitration award ("Arbitration Award") in favor of M2 in the amount of $1,340,994. The Arbitration Award is final.

8.      Plaintiff is informed and believes and thereon alleges that the Arbitration Award has not been satisfied.

**B.      M2 Obtained an Order Denying Debtor a Discharge for Hiding Assets.**

9.      Plaintiff is informed and believes and thereon alleges that the Debtor undertook a series of prepetition and postpetition actions to hinder, delay, and defraud M2's efforts to collect on the Arbitration Award, by hiding his assets, including the real property at issue in this proceeding, located at 6783 Heath Court, Carlsbad, CA 92011 ("Heath Court").

10.     On October 10, 2013, M2 filed a complaint against the Debtor to determine dischargeability of debt and for a denial of discharge, initiating the adversary proceeding M-Squared LLP v. Slattery, Adv. No. 13-90255 ("M2 case"). On June 28 and 29, 2016, a trial was held on the first portion of a bifurcated case as to M2's complaint for objection to discharge pursuant to Sections 727(a)(2)(A) and (B) and (a)(4).

11.     After the trial, on September 12, 2016, the Court entered extensive findings of fact and conclusions of law ("Findings") on the Sections 727(a)(2)(A) and

(B) and (a)(4) claims in support of the denial of discharge. <u>See</u> the M2 case, ECF 206. On October 14, 2016, the Court entered an order denying the Debtor a discharge. <u>See</u> the M2 case, ECF 208.

**C.    <u>Debtor Hid His Assets from Creditors through His Conduit, Grosslight.</u>**

12.    Plaintiff is informed and believes and thereon alleges that the Debtor used Gregory Grosslight ("Grosslight"), the Debtor's longtime friend, as his conduit to shield his assets from creditors, as set forth in the Findings.

13.    Plaintiff is informed and believes and thereon alleges that Grosslight and the Debtor would make loans to one another as funding was needed, and Grosslight would send money and issue checks to payees in the amounts directed by the Debtor. Examples of such transactions designed to shield the Debtor's assets from creditors are set forth in the Court's Findings.

**D.    <u>Debtor Bought and Sold Real Estate for the FS Trust, as Its Co-Trustor, Including Heath Court.</u>**

14.    Plaintiff is informed and believes and thereon alleges that on or about December 27, 2002, the Debtor became co-trustee of the Foster Schuler Declaration of Trust Dated August 19, 1981 ("FS Trust") and was co-trustee of the FS Trust on the Petition Date. Plaintiff is informed and believes and thereon alleges that the Debtor was co-trustee of the FS Trust with Marta Schuler ("Schuler").

15.    Plaintiff is informed and believes and thereon alleges that the Debtor had a very active role in managing the FS Trust. And as such, he was in a position of control of the FS Trust and benefited from the relationship.

16.    Plaintiff is informed and believes and thereon alleges that the Debtor was the accountant for the FS Trust, signatory on its bank account, and most significantly recommended and implemented the purchase, renovation, and sale of numerous real properties to generate income for the FS Trust.

17.    Notwithstanding his active role as co-trustee of the FS Trust, the Debtor did not disclose the FS Trust in Question 7 of his 341(a) Meeting of Creditors

Questionnaire.

18.    Plaintiff is informed and believes and thereon alleges that on or about June 19, 2012, the Debtor, as co-trustor of the FS Trust, caused the FS Trust to purchase Heath Court for $318,000.

**E.    Debtor Purchased Heath Court from the FS Trust, and He Concealed His Purchase by Paying the Down Payment through Grosslight.**

19.    Plaintiff is informed and believes and thereon alleges that the Debtor bought Heath Court from the FS Trust.

20.    Plaintiff is informed and believes and thereon alleges that from at least June 2013 and during the Bankruptcy Case, the Debtor resided at Heath Court.

21.    Plaintiff is informed and believes and thereon alleges that the Debtor hid his ownership of Heath Court from his creditors by many means, including by having Grosslight act as his conduit to fund the down payment.

22.    Specifically, Plaintiff is informed and believes and thereon alleges that on January 28, 2013, the Debtor caused a wire transfer of $180,000 to Grosslight. Plaintiff is informed and believes and thereon alleges that the $180,000 came from the escrow of a sale of real property located at 1323 Minden Drive, San Diego CA 92111, which had been titled in the name of the FS Trust.

23.    Plaintiff is informed and believes and thereon alleges that shortly after the $180,000 wire transfer to Grosslight, the Debtor instructed Grosslight to write a check for $100,000 to the FS Trust.

24.    Plaintiff is informed and believes and thereon alleges that on or about February 26, 2013, and pursuant to the Debtor's instruction, Grosslight wrote a check for $100,000 to the FS Trust ("Down Payment").  A copy of the $100,000 check is attached as Exhibit A hereto. The notation on the check states that it was a deposit for the purchase of the Property. Plaintiff is informed and believes and thereon alleges that the Debtor wrote the notation on the check.

/ / /

**F.  Debtor Further Concealed His Purchase by Having Terry Slattery Execute the Purchase Agreement and by Delaying the Transfer of Title.**

25.     Plaintiff is informed and believes and thereon alleges that around April 9, 2013, Terry Slattery, who at the time was the Debtor's girlfriend, executed a contract entitled Agreement of Purchase to purchase Heath Court from the FS Trust.

26.     Plaintiff is informed and believes and thereon alleges that the Debtor, through Terry Slattery, entered into the Agreement of Purchase to purchase Heath Court from the FS Trust for $400,000.

27.     Plaintiff is informed and believes and thereon alleges that the Debtor concealed his purchase of Heath Court from his creditors by arranging that the Agreement of Purchase for the Heath Court be between Terry Slattery and the FS Trust.

28.     Plaintiff is informed and believes and thereon alleges that the Agreement of Purchase requires the FS Trust to complete the "transfer" of Heath Court to Terry Slattery upon her demand at some point in the future.

**G.  Debtor Further Concealed His Purchase by Forming SS, LLC to Execute the Carryback Note and Hold Title to Heath Court.**

29.     Plaintiff is informed and believes and thereon alleges that the purchase agreement purports to sell Heath Court to Terry Slattery for $400,000, financed with a $100,000 down payment and a $300,000 carry-back note to the FS Trust, with payments to begin on May 1, 2013.

30.     Plaintiff is informed and believes and thereon alleges that the Debtor became concerned that Schuler, co-trustee of the FS Trust, would die, in which event Heath Court would be included in a probate estate and would be subject to distribution to the FS Trust beneficiaries as title was held by the FS Trust.

31.     Plaintiff is informed and believes and thereon alleges that, in furtherance of his concealment of his ownership interest in Heath Court, in or about July of 2015, the Debtor and his then-wife, Terry Slattery, formed SS, LLC, a Wyoming LLC, to

take title to Heath Court.

32.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, Terry Slattery has been a member of SS, LLC.

33.     Plaintiff is informed and believes and thereon alleges that at all times relevant herein, the Debtor has been a member of SS, LLC.

34.     Plaintiff is informed and believes and thereon alleges that the Debtor incorporated SS, LLC in Wyoming for the express purpose of concealing his ownership of Heath Court from his creditors, as Wyoming does not require public disclosures of the names of LLC members.

35.     Plaintiff is informed and believes and thereon alleges that on September 15, 2015, the Debtor executed, as a member of SS, LLC, a $300,000 carryback note to FS Trust for the purchase of Heath Court ("Note"). A copy of the Note is attached as Exhibit B hereto.

36.     Plaintiff is informed and believes and thereon alleges that on August 24, 2015, the Debtor executed, again as a member of SS, LLC, a deed of trust to secure repayment of the Note ("Deed of Trust"). A copy of the Deed of Trust is attached as Exhibit C hereto.

37.     Plaintiff is informed and believes and thereon alleges that on September 3, 2015, a grant deed was recorded that granted title of Heath Court to SS, LLC. The Debtor had executed the grant deed as co-trustee of the FS Trust ("2015 Grant Deed"). A copy of the 2015 Grant Deed is attached as Exhibit D hereto.

**H.     Debtor Made the Payments under the Carryback Note through a Concealed Account.**

38.     Plaintiff is informed and believes and thereon alleged that although the Note was payable by Terry Slattery, the Debtor actually made the payments on the Note.

39.     Plaintiff is informed and believes and thereon alleges that from about October 28, 1999, and at all times relevant herein, the Debtor was a co-trustee of the

self-settled Mellor Family Trust, Dated October 28, 1999 (the "Mellor Family Trust").

40.     Plaintiff is informed and believes and thereon alleges that the Debtor, on or about May 3, 2012, opened an account in the name of "William F. Slattery, trustee of the Mellor Family Trust" with Chase Bank ("Mellor Account"), with the specific purpose of putting his personal assets out of M2's reach.

41.     Plaintiff is informed and believes and thereon alleges that the Debtor used the Mellor Account as his personal bank account before and after the Petition Date.

42.     Plaintiff is informed and believes and thereon alleges that specifically, relevant to this proceeding, the Debtor made payments from the Mellor Account to the FS Trust on the Note after the Petition Date to conceal his ownership of Heath Court.

43.     Plaintiff is informed and believes and thereon alleges that these payments from the Debtor to the FS Trust, through the Mellor Account, included without limitation the following amounts on the following dates: $6,000.00 on June 24, 2013; $12,000.00 on December 5, 2013; $2,200.00 on December 5, 2013; $10,149.47 on December 5, 2013; $12,000 on June 30, 2014; and $2,800 on October 24, 2014.

44.     Plaintiff is informed and believes and thereon alleges that in furtherance of concealment of his ownership, the Debtor included notations on the Note payments that they were for rental payments as opposed to purchase payments.

45.     Plaintiff is informed and believes and thereon alleges that around the time that the 2015 Grant Deed was executed, the Debtor explained to the escrow company that he did not take title upon buying Heath Court because of his "creditors fighting me in bankruptcy."

46.     Plaintiff is informed and believes and thereon alleges that the Debtor purchased Heath Court from the FS Trust at least two years before the 2015 Grant Deed was executed.

47.     Plaintiff is informed and believes and thereon alleges that the terms of the Agreement of Purchase operate as a contemporaneous exchange of (1) the rights of

possession from the FS Trust to the Debtor and (2) the receipt of the consideration from the Debtor to the FS Trust. The consideration consisted of (1) the Down Payment plus (2) the Note, on which the Debtor began making payments immediately.

## I.   SS, LLC Sold Heath Court Postpetition.

48.    Plaintiff is informed and believes and thereon alleges that on or about July 26, 2016, Terry Slattery, as manager of SS, LLC, executed a grant deed ("2016 Grant Deed"), which purports to transfer Heath Court to Louis Clayton Lukondi and Rosanie Lukondi (collectively, "Lukondis"), as husband and wife as community property with right of survivorship.

49.    Plaintiff is informed and believes and thereon alleges that on September 6, 2016, the Lukondis recorded the 2016 Grant Deed, a copy of which is attached as Exhibit E hereto.

## J.   Heath Court was Property of the Estate.

50.    Plaintiff is informed and believes and thereon alleges that on the Petition Date and prior to the 2016 Grant Deed, Heath Court was property of the Estate.

51.    Plaintiff is informed and believes and thereon alleges that the Debtor transferred, or attempted to transfer, title to Heath Court to Terry Slattery and/or SS, LLC through a series of transactions, which began on or around Terry Slattery's execution of the contract entitled Agreement of Purchase to purchase Heath Court from the FS Trust for $400,000 and ended in the recording of the 2015 Grant Deed.

52.    Plaintiff is informed and believes and thereon alleges that if the Debtor succeeded in transferring his ownership interest in Heath Court to Terry Slattery and/or SS, LLC, the Debtor received less than a reasonably equivalent value in exchange for the transfer.

53.    Plaintiff is informed and believes and thereon alleges that if the Debtor succeeded in transferring his ownership interest in Heath Court to Terry Slattery and/or SS, LLC, the Debtor made the transfer while he was insolvent or he became insolvent as a result of the transfer.

54.    Plaintiff is informed and believes and thereon alleges that if the Debtor succeeded in transferring his ownership interest in Heath Court to Terry Slattery and/or SS, LLC, then at the time of the transfer, the Debtor was engaged or was about to engage in a business or a transaction for which his remaining assets were unreasonably small in relation to the business or transaction.

55.    Plaintiff is informed and believes and thereon alleges that if the Debtor succeeded in transferring his ownership interest in Heath Court to Terry Slattery and/or SS, LLC, then at the time of the transfer, the Debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

56.    By reason of the foregoing, the Plaintiff is informed and believes and thereon alleges that, pursuant to Sections 362, 542, 544, 548, 549, 550, and/or 551, and/or California Civil Code §§ 3439.04(a) and 3439.07, any transfer of the Debtor's interest in Heath Court to Terry Slattery and/or SS, LLC was either (1) void; or (2) voidable and recoverable by the Trustee, as follows:

a.    Under Sections 362(a)(3), the transfer, including the recording of the 2015 Grant Deed, constituted an act to obtain possession of property of the Estate or to exercise control of property of the Estate, and such act was void ab initio as a violation of the automatic stay;

b.    Under Section 542(a), Terry Slattery and/or SS, LLC had an affirmative duty to turn over to Plaintiff their interests, if any, in Heath Court, as Plaintiff could have used, sold, or leased it for the benefit of the Estate pursuant to Section 363;

c.    Under Sections 544(b), 548(a)(1)(B), and 550 and California Civil Code § 3439.04(a)(2), the transfer was avoidable and recoverable as a fraudulent transfer;

d.    Under Sections 544(b), 548(a)(1)(A), and 550 and California Civil Code § 3439.04(a)(1), the transfer was avoidable and recoverable as a fraudulent

transfer;

        e.     Under Sections 549 and 550, the transfer was avoidable and recoverable as an unauthorized postpetition transfer; and/or

        f.     Under Sections 544(a) and 550, the transfer was avoidable and recoverable because Terry Slattery and/or SS, LLC failed to take the necessary steps under California law on or before the Petition Date to put actual and potential creditors of the Debtor on constructive notice of their ownership interests in Heath Court by proper perfection of their interests therein.

## FIRST CLAIM FOR RELIEF

### (For Declaratory Relief under 28 U.S.C. §§ 2201 and 2202)

57.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 56, inclusive, as though fully set forth herein.

58.    Plaintiff is informed and believes and thereon alleges that the Debtor held an ownership interest in Heath Court on the Petition Date. Plaintiff is informed and believes and thereon alleges that Heath Court was property of the Estate on the Petition Date.

59.    Plaintiff is informed and believes and thereon alleges that the Defendant transferred title of Heath Court to the Lukondis, as husband and wife as community property with right of survivorship, postpetition ("Lukondis Transfer").

60.    Plaintiff is informed and believes and thereon alleges that the Lukondis Transfer constituted a transfer of property of the Estate.

61.    The Lukondis Transfer was not authorized by the Bankruptcy Code or this Court.

62.    Plaintiff is informed and believes and thereon alleges that the Lukondis Transfer occurred without the Estate's receipt of any value, including services, after the commencement of the Bankruptcy Case in exchange for the Lukondis Transfer.

63.    Plaintiff is informed and believes and thereon alleges that in exchange for the Lukondis Transfer, the Lukondis paid the Defendant the approximate sum of

$700,000, subject to proof at trial ("Sale Proceeds").

64.    Plaintiff is informed and believes and thereon alleges that the Sale Proceeds are property of the Estate, pursuant to Section 541(a)(6).

65.    Plaintiff is informed and believes and thereon alleges that the Defendant claims it owns the Sale Proceeds.

66.    Plaintiff is informed and believes and based thereon alleges that an actual controversy now exists between the Plaintiff and the Defendant concerning their respective rights to and interests in the Sale Proceeds.

67.    Accordingly, pursuant to 28 U.S.C. § 2201 and Rule 7001(9), a judicial declaration and determination is necessary and appropriate at this time in order to ascertain the parties' rights with respect to the Sale Proceeds so that the parties can proceed forward appropriately.

## SECOND CLAIM FOR RELIEF

### (For Declaratory Relief under 28 U.S.C. §§ 2201 and 2202)

68.    Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 56, inclusive, and paragraphs 58 through 67, inclusive, as though fully set forth herein.

69.    Plaintiff is informed and believes and thereon alleges that the Defendant has used the Sale Proceeds to purchase other property.

70.    Plaintiff is informed and believes and thereon alleges that to the extent that the Defendant purchased any property with the Sale Proceeds or other property of the estate, such purchased property ("SS, LLC Property") is property of the Estate, pursuant to Section 541(a)(6).

71.    Plaintiff is informed and believes and thereon alleges that the Defendant claims it owns the SS, LLC Property.

72.    Plaintiff is informed and believes and based thereon alleges that an actual controversy now exists between the Plaintiff and the Defendant concerning their respective rights to and interests in the SS, LLC Property.

73.     Accordingly, pursuant to 28 U.S.C. § 2201 and Rule 7001(9), a judicial declaration and determination is necessary and appropriate at this time in order to ascertain the parties' rights with respect to the SS, LLC Property so that the parties can proceed forward appropriately.

## THIRD CLAIM FOR RELIEF

### (For Turnover of Property of the Estate under Section 542)

74.     Plaintiff incorporates herein by reference the allegations in paragraphs 1 through 56, inclusive, paragraphs 58 through 67, inclusive, and paragraphs 69 through 73, inclusive, as though fully set forth herein.

75.     Plaintiff is informed and believes and based thereon alleges that the Defendant has an affirmative duty to turn over to Plaintiff the Sale Proceeds and the SS, LLC Property.

76.     Section 542(a) provides:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

77.     Plaintiff is informed and believes that the Defendant is not a custodian, as such term is defined in Section 101(11).

78.     Plaintiff is informed and believes that the Defendant is in possession of the Sale Proceeds and the SS, LLC Property.

79.     The Sale Proceeds and the SS, LLC Property are property that Plaintiff, as Chapter 7 Trustee of the Estate, may use, sell, or lease under Section 363.

80.     The Sale Proceeds and the SS, LLC Property are of consequential value or benefit to the Estate.

81.     The Defendant has failed or refused to turn over the Sale Proceeds and the SS, LLC Property to Plaintiff, and should be ordered to do so.

/ / /

## **PRAYER**

WHEREFORE, Plaintiff respectfully requests the entry of judgment as follows:

1.      Under the First Claim for Relief:

      a.      For a determination that the Sale Proceeds are property of the Estate;

      b.      For a determination that the Defendant has no legal rights, title, estate, lien, or entitlement to the Sale Proceeds;

      c.      For reasonable attorneys' fees and costs incurred herein; and

      d.      For such other and further relief as this Court may deem just and proper.

2.      Under the Second Claim for Relief:

      a.      For a determination that the SS, LLC Property is property of the Estate;

      b.      For a determination that the Defendant has no legal rights, title, estate, lien, or entitlement to the SS, LLC Property;

      c.      For reasonable attorneys' fees and costs incurred herein; and

      d.      For such other and further relief as this Court may deem just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

3. Under the Third Claim for Relief :

    a. For an order requiring the Defendant to turn over the Sale Proceeds and the SS, LLC Property to Plaintiff to administer for the benefit of the Estate;

    b. That Plaintiff be awarded all out of pocket costs and expenses as a result of the Defendant's failure or refusal to turn over the Sale Proceeds and the SS, LLC Property;

    c. That Plaintiff be awarded reasonable attorney fees and costs of suit; and

    d. For such other relief as the Court deems necessary and proper.

Dated: May 10, 2018

SULLIVAN HILL LEWIN REZ & ENGEL
A Professional Law Corporation

By: _/s/Gary B. Rudolph_
James P. Hill
Gary B. Rudolph
Kathryn A. Healy
Attorneys for Plaintiff,
Richard M Kipperman, Chapter 7 trustee

# EXHIBIT TABLE

| Exhibit | Pages | Description |
|---------|-------|-------------|
| A | 17 - 18 | The Down Payment |
| B | 19 - 22 | The Note |
| C | 23 - 30 | The Deed of Trust |
| D | 31 - 36 | The 2015 Grant Deed |
| E | 37 - 38 | The 2016 Grant Deed |



EXHIBIT "B"                                        PAGE 19

### PROMISSORY NOTE

1. **Promise to Pay.** For value received, **William F. Slattery & Terry A. Slattery, Members OF SOPHIE SCARLETT LLC a Wyoming L.L.C.** (Borrower) promises pay to **William F Slattery & Marta M. Schuler Co-Trustees of the Foster R. Schuler Declaration of Trust Dated August 19, 1981** (Lender) **($300,000.00) Three Hundred Thousand Dollars and no/100 plus interest at the yearly rate of (5%) Five Percent** on the unpaid balance as specified below or a percentage of profits proceeds as described below. In no event shall any interest to be paid hereunder exceed the maximum rate permitted by law. In any such event, this Note shall automatically be deemed amended to permit interest charges at an amount equal to, but no greater than, the maximum rate permitted by law. This note to be secured by a deed of trust recorded against the property known as **6783 Heath Court Carlsbad, CA 92011.**

2.

3. **Installments.** Borrower will pay Monthly payments of **($1,250.00) One Thousand Two Hundred Fifty Dollars and no cents** for a period of Twenty Five years beginning March 1, 2016 or until the secured property is sold. All accrued principle and interest are due on or before February 28, 2041. All payments are to be made to Marta M. Schuler, Co-Trustee at 1246 Upas Street San Diego, CA 92103.

4. **Application of Payments.** Payments will be applied first to legal costs (if applicable) then to interest and then to principal.

5. **Prepayment.** Borrower may prepay all or any part of the principal without a penalty.

6. **Loan Acceleration.** If Borrower is more than 10 days late in making any payment, Lender may declare that the note is in default and the entire balance of unpaid principal due immediately, together with the interest that has accrued.

7. **Security.** Borrower agrees that until the principal and interest owed under this promissory note is paid in full, this note will be secured by a lien on a property at 6783 Heath Court Carlsbad, CA 92011. Further known as Lot 136 of Carlsbad Tract No. 76-4 (Altamira Unit No. 4), in the City of Carlsbad, County of San Diego, State of California, According to Map thereof No. 8423, Filed in the Office of the County Recorder of San Diego County, November 26, 1976.

   Assessor's Parcel Number(s): 214-382-12-00.

8. **Default Remedy & Collection Costs.** If Lender prevails in a lawsuit to collect on this note, Borrower will pay Lender's cost and lawyer's fees in an amount the court finds to be reasonable. Borrower irrevocably consents to the jurisdiction of the courts of the State of California and of any federal court located in such State in connection with any action or proceeding arising out of, or relating to, this Note, any document or instrument delivered pursuant to, in connection with, or simultaneously with this Note, or a breach of this Note or any such document or instrument. In any such action or proceeding, the Borrower waives personal service of any summons, complaint, or other process and agrees that service thereof may be made to William F. Slattery at 2794 Gateway Road Carlsbad, CA 92009. Within 30 days after such service, or such

other time as may be mutually agreed upon in writing by the attorneys for the parties to such action or proceeding, the Borrower shall appear or answer such summons, complaint, or other process. Should the Borrower fail to appear or answer within such 30-day period or such extended period, as the case may be, the Borrower shall be deemed in default and judgment may be entered against the Borrower for the amount as demanded in any summons, complaint, or other process so served.

9. **Miscellaneous.** The undersigned and all other parties to this note, whether as an endorser, guarantor, or sureties, agrees to remain fully bound until this note shall be fully paid and waive demand, presentment and protest and all notices hereto and further agree to remain bound notwithstanding any extension, modification, waiver, or other indulgence or discharge or release of any obligor hereunder or exchange, substitution, or release of any collateral granted as security for this note. No modification or indulgence by any holder hereof shall be binding unless in writing; and any indulgence on any one occasion shall not be an indulgence for any other or future occasion. Any modification or change in terms, hereunder granted by any holder hereof, shall be valid and binding upon each of the undersigned, notwithstanding the acknowledgement of any of the undersigned, and each of the undersigned does hereby irrevocably grant to each of the others a power of attorney to enter into any such modification on their behalf. The rights of any holder hereof shall be cumulative and not necessarily successive. This note shall take effect as a sealed instrument and shall be construed, governed and enforced in accordance with the laws of the State of California.

_(signature)_ MEMBER/SECRETARY 8/24/15

William F. Slattery, Member/Borrower    Dated

Sophie Scarlett, LLC

_(signature)_ MEMBER/PRESIDENT 8/24/15

Terry A. Slattery, Member/Borrower    Dated

Sophie Scarlett, LLC

_____    _____    _____
Witnessed                      Dated      Printed Name & Address of Witness

See Attached

**Page 2 of 2**

**CALIFORNIA JURAT WITH AFFIANT STATEMENT**       GOVERNMENT CODE § 8202

☐ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–6 to be completed only by document signer[s], *not* Notary)

_____        _____
Signature of Document Signer No. 1        Signature of Document Signer No. 2 (if any)

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of   San Diego

Subscribed and sworn to (or affirmed) before me
on this   24   day of   August , 20 15 ,
         Date       Month     Year
by

(1)   William Francis Slattery Jr

(and (2)   Terry Ann Slattery   ),
          Name(s) of Signer(s)

proved to me on the basis of satisfactory evidence
to be the person(s) who appeared before me.

Signature _____
         Signature of Notary Public

DOUGLAS BRYAN YOUNG
Commission # 2004611
Notary Public - California
San Diego County
My Comm. Expires Jan 19, 2017

*Seal*
Place Notary Seal Above

———————— *OPTIONAL* ————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document:   Promissory Note          Document Date:   8/24/15
Number of Pages:   2   Signer(s) Other Than Named Above:   N/A

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)    Item #5910

EXHIBIT "C"

Recording requested by
**First American Title**
San Diego

When Recorded Mail To

WILLIAM F SLATTERY, CO-TRUSTEE
2794 Gateway Road
Carlsbad, CA 92009

4 981003 4

DOC# 2015-0467203

Sep 03, 2015  08:00 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:  $36.00

PAGES: 7

# DEED OF TRUST

APN: 675-450-11-00

Loan No. 1

Legal Description: LOT 136 OF CARLSBAD TRACT NO. 76-4 (ALTAMIRA UNIT NO. 4), IN THE CITY OF CARLSBAD, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 8423, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, NOVEMBER 26, 1976.

Also Known as:  6783 Heath Court Carlsbad, CA 92011

This Deed of Trust, made this 1st day of September, 2015, among the Trustor, Sophie Scarlett, LLC a Wyoming LLC, ~~as tenant in common~~ (herein "Borrower"), and the Beneficiary, William F Slattery & Marta M. Schuler Co-Trustees of the Foster R. Schuler Declaration of Trust Dated August 19, 1981, Trustee and (herein "Lender").

The beneficiaries (or assignees) of this deed of trust have agreed in writing to be governed by the desires of the holders of more than 100% of the record beneficial interest therein with respect to actions to be taken on behalf of all holders in the event of default or foreclosure or for matters that require direction or approval of the holders, including designation of the broker, servicing agent, or other person acting on their behalf, and the sale, encumbrance or lease of real property owned by the holders resulting from foreclosure or receipt of a deed in lieu of foreclosure.

## GRANT IN TRUST

BORROWER, in consideration of the indebtedness herein recited and the trust herein created, irrevocably grants, transfers, conveys and assigns to Trustee, in trust, with power of sale, the following described property located in the county of **San Diego**, State of California:

\ First American Title Company

**Further known as LOT 136 OF CARLSBAD TRACT NO. 76-4 (ALTAMIRA UNIT NO. 4), IN THE CITY OF CARLSBAD, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 8423, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, NOVEMBER 26, 1976.  APN 675-450-11-00**

See attached Exhibit A

**TOGETHER** with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents (subject however to the rights and authorities given herein to Lender to collect and apply such rents), royalties, mineral, oil and gas rights and profits, water, and water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Deed of Trust; and all of the foregoing, together with said property (or the leasehold estate if this Deed of Trust is on a leasehold) are herein referred to as the "Property";

**THIS DEED OF TRUST IS MADE TO SECURE TO LENDER:**
(a) the repayment of the indebtedness evidenced by Borrower's promissory note (herein "Note") dated **September 1, 2015**, in the principal sum of U.S. **$300,000.00**, with payment of interest thereon, the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed of Trust; the performance of the covenants and agreements of Borrower herein contained; and (b) repayment of any future advances, with interest thereon, made to the Borrower by Lender pursuant to paragraph 19 hereof (herein "Future Advances"); and in addition (c) this Deed of Trust shall provide the same security on behalf of the Lender, to cover extensions, modifications or renewals, including without limitation, extensions, modifications or renewals of the Note at a different rate of interest; and the performance of the covenants and agreements of Borrower herein contained.

· Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, that the Property is unencumbered except for encumbrances of record, and that Borrower will warrant and defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. BORROWER AND LENDER COVENANT AND AGREE AS FOLLOWS:
**1. Payments of Principal and/or Interest.** Borrower shall promptly pay, when due, the principal of and/or interest on the indebtedness evidenced by the Note, prepayment and late charges as provided in the Note, and the principal of and/or interest on any Future Advances secured by the Deed of Trust.
**2. Funds for Taxes and Insurance (Impounds).** Subject to applicable law, and if required by the Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this

Deed of Trust, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed of Trust that interest on the Funds shall be paid to Borrower, and unless such an agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed of Trust.

If the amount of Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed of Trust, Lender shall promptly refund to Borrower any Funds held by Lender. If under Paragraph 18 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed of Trust.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, if applicable, then to interest payable on the Note, then to the principal of the Note, and then to interest and principal on any Future Advances.

Final payment for the principal balance of this loan must be made payable to the beneficiary named on this Deed of Trust.

**4. Prior Mortgages and Deeds of Trust; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid, at least 10 days before delinquency, all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed of Trust, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower agrees to provide, maintain and deliver to Lender fire insurance satisfactory and with loss payable to Lender. The amount collected under any fire or other insurance policy may be applied by Lender upon any indebtedness secured hereby and in such order as Lender may determine, or at option of Lender the entire amount so collected or any part thereof may be released to the Borrower. Such application or release shall not cure or waive any Default or Notice of Default hereunder or invalidate any act done pursuant to such notice.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

In the event of a loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply their insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed of Trust.

If Borrower obtains earthquake, flood or any other hazard insurance, or any other insurance on the Property, and such insurance is not specifically required by the Lender, then such insurance shall: (i) name the Lender as loss payee thereunder, and (ii) be subject to all of the provisions of this paragraph 5.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed of Trust is on a leasehold. If this Deed of Trust is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration of covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed of Trust, or if any action or proceeding is commenced which affects Lender's interest in the Property, including but not limited to proceedings by the Lender to obtain relief from stay in any bankruptcy proceeding which would prohibit Lender enforcing its rights under the Deed of Trust, then Lender, at Lender's option, may make such appearances, disburse such sums, including reasonable attorney's fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed of Trust, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, including but not limited to payment of delinquent taxes and assessments, insurance premiums due, and delinquent amounts owed to prior lien holders, shall become additional indebtedness of Borrower secured by this Deed of Trust . Such amounts as are disbursed by Lender shall be payable, upon notice from Lender to Borrower requesting payment thereof, and shall bear interest from the date of disbursement at the rate payable on the Note. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspection of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

EXHIBIT "C"

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in conjunction with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed of Trust.

**10. Borrower Not Released.** At any time or from time to time, without liability therefore and without notice upon written request of Lender and presentation of this Deed and said Note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge thereof. Trustee may, but shall be under no obligation or duty to, appear in or defend any action or proceeding purporting to affect said property or the title thereto, or purporting to affect the security hereof or the rights or powers of Lender or Trustee.

**11. Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy. The procurement of insurance or the payment of taxes or other liens or charges by Lender shall not be a waiver of Lender's right to accelerate the maturity of the indebtedness secured by this Deed of Trust.

**12. Remedies Cumulative.** All remedies provided in this Deed of Trust are distinct and cumulative to any other or remedy under this Deed of Trust or afforded by law or equity, and may be exercised concurrently, independently or successively.

**13. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 18 hereof. All covenants and agreements of Borrower shall be joint and several.

**14. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed of Trust shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower or the Property at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender, in care of Lender's Servicing Agent ("Agent"), **William F Slattery at 2794 Gateway Road Carlsbad, Ca 92009**, or to such other address as Lender or Agent may designate by notice to Borrower as provided herein. Any notice provided for in this Deed of Trust shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**15. This Deed of Trust shall be governed by the Laws of the State of California.** In the event that any provision or clause of this Deed of Trust or the Note conflicts with applicable law, such conflict shall not effect other provisions of this Deed of Trust or the Note which can be given effect without the conflicting provision, and to this end the provisions of the Deed of Trust are declared to be severable.

**16. Lender's Right to Require The Loan to be Paid Off Immediately.** If the Borrower shall sell, enter into a contract of sale, lease with an option to purchase for any term, or transfer all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Deed of Trust, (b) or a transfer by devise, descent, or by operation of law upon the death of a joint tenant, the Lender may, at its option declare the Note and any other obligations secured by this Deed of Trust, together with accrued interest thereon, immediately due and payable, in full. No waiver or the Lender's right to accelerate shall be effective unless it is in writing.

If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 14 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

BORROWER AND LENDER FURTHER COVENANT AND AGREE AS FOLLOWS:

**17. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, and without regard to the adequacy of any security for the indebtedness hereby secured, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 18 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 18 hereof or abandonment of the Property, Lender, in person, by Agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorney's fees, and then to the sums secured by this Deed of Trust. Lender and the receiver shall be liable to account only for those rents actually received.

**18.** Upon default by Borrower in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Lender may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written Notice of Default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Trustee shall be entitled to rely upon the correctness of such notice. Lender also shall deposit with Trustee this Deed, said Note and all documents evidencing expenditures secured hereby.

After the lapse of such time as then may be required by law following the recordation of said Notice of Default and Notice of Sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said Notice of Sale, either as a whole or in separate parcels and in such order as it may determine (but subject to any statutory right of Trustor to direct the order in which said property, if consisting of several lots or parcels, shall be sold), at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property to sold, but without any covenant or warranty, expressed or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the rate prescribed in the Note; all other sums then secured thereby; and the remainder, if any, to the person or persons legally entitled thereto.

**19. Future Advances.** Upon request of Borrower, Lender, at Lender's option prior to full reconveyance of the Property by Trustee to Borrower, may make Future Advances to Borrower. Such advances with interest thereon, shall be secured by this Deed of Trust when evidenced by promissory notes stating that said notes are secured hereby.

**20. Reconveyance.** Upon written request of Lender stating that all sums secured hereby have been paid, and upon surrender of this Deed and said Note to Trustee for cancellation and retention and upon payment of its fees, Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee in such reconveyance may be described as "the person or persons legally entitled thereto." The Trustee may destroy said Note, this Deed or Trust (and any other documents related thereto) upon the first to occur of the following: 5 years after issuance of a full reconveyance; or, recordation of the Note and Deed of Trust in a form or medium which permits their reproduction for 5 years following issuance of a full reconveyance.

**21. Substitution of Trustee.** Lender, at Lender's option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon the Trustee herein and by applicable law.

**22. Request for Notices.** Borrower requests that copies of the notice of sale and notice of default be sent to Borrower's address which is the Property Address.

**23. Statement of Obligation.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligations as provided by Section 2943 of the Civil Code of California.

MISCELLANEOUS PROVISIONS

**24. Construction or Home Improvement Loan.** If the loan secured by this Deed of Trust is to be used in whole or in part for construction, home improvement or rehabilitation purposes, Borrower is required to perform according to the terms and conditions of each agreement contained in any loan disbursement, building, home improvement or similar agreement between the Borrower and Lender.

**25. Acceptance by Lender of a Partial Payment After Notice of Default.** By accepting partial payment (payments which do not satisfy a default or delinquency in full) of any sums secured by this Deed of Trust after a Notice of Default has been recorded, or by accepting late performance of any obligation secured by this Deed of Trust, or by adding any payment so made to the loan secured by this Deed of Trust, whether or not such payments are made pursuant to a court order, the Lender does not waive its right either to require prompt payment when due of all other sums so secured or to declare default for failure to make any such prompt payment or to perform any such act. No exercise of any right or remedy of the Lender or Trustee under this Deed of Trust shall constitute a waiver of any other right or remedy contained in this Deed of Trust or provided by law.


IN WITNESS WHEREOF, BORROWER HAS EXECUTED THIS DEED OF TRUST


_____ MEMBER/SECRETARY 8/24/15   _____ SLATTERY MEMBER/PRESIDENT 8/24/15
Borrower   William F. Slattery, Member/Borrower for Sophie   Date        Terry A.   Slattery, Member/Borrower for Sophie Scarlett LLC
Scarlett, LLC   ˪aka William Francis Slattery Jr.                          ˪aka Terry Ann Slattery

State of California, County of San Diego

On_____before me,_____, personally appeared
_____, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity(ies), and that by his/her signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.        *See Attached*

_____


## REQUEST FOR FULL RECONVEYANCE

The undersigned is the holder of the note or notes secured by this Deed of Trust. Said note or notes, together with all **other indebtedness secured by this Deed of Trust, have been paid in full. You are hereby directed to cancel said note or notes and this Deed of Trust,** which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.

                                          Attn:   William F Slattery
                                                  2794 Gateway Road
                                                  Carlsbad, CA 92009

_____
Signature of Beneficiary (the "LENDER")          Date

When recorded, mail to

**EXHIBIT "C"**

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**　　　　　　**CIVIL CODE § 1189**

---

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
|---|

State of California　　　　　　　　　　　）
County of _San Diego_　　　　　　　）

On _8/24/15_ before me, _Douglas Bryan Young Notary Public_,
　　　*Date*　　　　　　　　　*Here Insert Name and Title of the Officer*

personally appeared _William Francis Slattery Jr. and Terry Ann Slattery_
　　　　　　　　　　　　*Name(s) of Signer(s)*

_N/A_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**DOUGLAS BRYAN YOUNG**
Commission # 2004611
Notary Public - California
San Diego County
My Comm. Expires Jan 19, 2017

Signature _____
　　　　　　　*Signature of Notary Public*

　　　*Place Notary Seal Above*

---
**━━━━━━━━━━━━━ OPTIONAL ━━━━━━━━━━━━━**

*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Deed of Trust_　　　Document Date: _8/24/15_
Number of Pages: _5_　Signer(s) Other Than Named Above: _N/A_

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _N/A_
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual　☑ Attorney in Fact
☐ Trustee　☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

Signer's Name: _N/A_
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Individual　☑ Attorney in Fact
☐ Trustee　☐ Guardian or Conservator
☐ Other: _____
Signer Is Representing: _____

---

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)　Item #5907

## Government Code 27361.7

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:**

Name of the Notary: _Douglas Bryan Young_

Commission Number: _200 4611_

Date Commission Expires: _Jan 19, 2017_

County where Bond is Filed: _San Diego_

Manufacturer / Vendor Number: _NNA1_

This form was executed on ___9/2___, 20 _15_ in San Diego, California

_Michele Abacherli_

By: Michele Abacherli

**Exhibit "A"**

**Legal Description**

A.P.N.: 214-382-12-00

Real property in the City of Carlsbad, County of San Diego, State of California, described as follows:

PARCEL 1:

LOT 136 OF CARLSBAD TRACT NO. 76-4, (ALTAMIRA UNIT NO. 4), IN THE CITY OF CARLSBAD, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 8423, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, NOVEMBER 26, 1976.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT ON AND OVER LOTS 138 AND 139 OF CARLSBAD TRACT NO. 76-4, (ALTAMIRA UNIT NO. 4), ACCORDING TO MAP THEREOF NO. 8423, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, NOVEMBER 26, 1976, FOR ACCESS, USE, OCCUPANCY, ENJOYMENT, INGRESS AND EGRESS OF THE STREETS AND OTHER AMENITIES LOCATED THEREON, SUBJECT TO THE TERMS AND PROVISIONS OF THE DECLARATION OF RESTRICTIONS RECORDED JANUARY 31, 1977 AS FILE/PAGE NO. 77-036561 OF OFFICIAL RECORDS.

EXHIBIT "D"                                      PAGE 31

DOC# 2015-0467202

|||||||||||||||||||||||||||||||||||||||||||||

Recording requested by
**First American Title**
*San Diego*

Sep 03, 2015   08:00 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:  $467.00
PCOR: YES
PAGES: 5

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

Name
Street   Sophie Scarlett LLC
Address  2794 GATEWAY RD
City     CARLSBAD, CA 92009
State
Zip

ORDER NO.  4981003 -4
ESCROW NO.  142067-K

RECORDERS USE ONLY

**GRANT DEED**

TAX PARCEL NO. 214-382-12-00

The undersigned grantor declares that the documentary transfer tax is  $440.00  and is

___X___ computed on the full value of the interest of the property conveyed, or is

_____ computed on the full value less the value of liens or encumbrances remaining thereon at the time of sale.

The land, tenements or realty is located in

_____ unincorporated area  __X__ city  Carlsbad  and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

WILLIAM F SLATTERY & MARTA M. SCHULER CO-TRUSTEES OF THE FOSTER R. SCHULER DECLARATION OF TRUST DATED 8/19/81

hereby GRANT(S) to

Sophie Scarlett LLC , A  Wyoming  LIMITED LIABILITY COMPANY

The following described real property in the City of Carlsbad, County of San Diego, State of California:

PARCEL 1;
LOT 136 OF CARLSBAD TRACTG NO. 76-4 (ALTAMIRA UNIT NO 4) IN THE CITY OF CARLSBAD,
COMPLETE LEGAL DESCRIPTION MORE PARTICULARLY DESCRIBED IN THE ATTACHED EXHIBIT "A".

Dated   08/21/2015

A notary public or other officer completing this certificate verifies only the
identity of the individual who signed the document to which this certificate
is attached, and not the truthfulness, accuracy, or validity of that document.

The Foster R. Schuler Declaration
of Trust Dated 8/19/81

STATE OF CALIFORNIA,
COUNTY OF San Diego

WILLIAM F. SLATTERY, CO-TRUSTEE
aka William Francis Slattery Jr.

On  August 31 2015  before me,

Alicia Lynn Hernandez , Notary Public
personally appeared  Marta M. Schuler

MARTA M. SCHULER CO-TRUSTEE

who proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

ALICIA LYNN HERNANDEZ
Commission No. 2109512
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
Commission Expires April 30, 2019

WITNESS my hand and official seal.

Signature _____ Notary Public

(Notary Seal)

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW:  IF NO PARTY SO SHOWN, MAIL AS DIRECTED ABOVE.

Name          Street Address          City & State

**PAGE 32**
EXHIBIT "D"

# Government Code 27361.7

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:**

**Name of the Notary:** _Alicia Lynn Hernandez_

**Commission Number:** _2109512_

**Date Commission Expires:** _April 30, 2019_

**County where Bond is Filed:** _San Diego_

**Manufacturer / Vendor Number:** _CNB1_

This form was executed on _9/2_, 20 _15_ in San Diego, California

_Michele Abacherli_

**By: Michele Abacherli**

**CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT**          CIVIL CODE § 1189

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California          )
County of _San Diego_____ )

On _8/24/15_____ before me, _Douglas Bryan Young Notary Public_,
          Date                      *Here Insert Name and Title of the Officer*

personally appeared ____William Francis Slattery Jr____
                              *Name(s) of Signer(s)*
                              _N/A_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____
          *Signature of Notary Public*

DOUGLAS BRYAN YOUNG
Commission # 2004611
Notary Public - California
San Diego County
My Comm. Expires Jan 19, 2017

          *Place Notary Seal Above*
—————————— **OPTIONAL** ——————————
*Though this section is optional, completing this information can deter alteration of the document or fraudulent reattachment of this form to an unintended document.*

**Description of Attached Document**
Title or Type of Document: _Grant Deed_____   Document Date: _8/24/15_
Number of Pages: _4_   Signer(s) Other Than Named Above: _Marta M. Schuler_

**Capacity(ies) Claimed by Signer(s)**
Signer's Name: _Grant Deed_____          Signer's Name: _____
☐ Corporate Officer — Title(s): ____       ☐ Corporate Officer — Title(s): ____
☐ Partner — ☐ Limited ☐ General          ☐ Partner — ☐ Limited ☐ General
☐ Individual      ☐ Attorney in Fact      ☐ Individual   ☐ Attorney in Fact
☐ Trustee    ☐ Guardian or Conservator    ☐ Trustee   ☐ Guardian or Conservator
☐ Other: _____                      ☐ Other: _____
Signer Is Representing: _____        Signer Is Representing: _____

©2014 National Notary Association • www.NationalNotary.org • 1-800-US NOTARY (1-800-876-6827)   Item #5907

**PAGE 34**
**EXHIBIT "D"**

# Government Code 27361.7

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE NOTARY SEAL ON THE DOCUMENT TO WHICH THIS STATEMENT IS ATTACHED READS AS FOLLOWS:**

Name of the Notary: _____Douglas Bryan Young_____

Commission Number: _____2004611_____

Date Commission Expires: _____Jan 19, 2017_____

County where Bond is Filed: _____San Diego_____

Manufacturer / Vendor Number: _____NNA1_____

This form was executed on _____9/2_____, 20 _15_ in San Diego, California

_____Michele Abacherli_____

By: Michele Abacherli



## LEGAL DESCRIPTION

Real property in the City of Carlsbad, County of San Diego, State of California, described as follows:

PARCEL 1:

LOT 136 OF CARLSBAD TRACT NO. 76-4, (ALTAMIRA UNIT NO. 4), IN THE CITY OF CARLSBAD, COUNTY OF SAN DIEGO, STATE OF CALIFORNIA, ACCORDING TO MAP THEREOF NO. 8423, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, NOVEMBER 26, 1976.

PARCEL 2:

A NON-EXCLUSIVE EASEMENT ON AND OVER LOTS 138 AND 139 OF CARLSBAD TRACT NO. 76-4, (ALTAMIRA UNIT NO. 4), ACCORDING TO MAP THEREOF NO. 8423, FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAN DIEGO COUNTY, NOVEMBER 26, 1976, FOR ACCESS, USE, OCCUPANCY, ENJOYMENT, INGRESS AND EGRESS OF THE STREETS AND OTHER AMENITIES LOCATED THEREON, SUBJECT TO THE TERMS AND PROVISIONS OF THE DECLARATION OF RESTRICTIONS RECORDED JANUARY 31, 1977 AS FILE/PAGE NO. 77-036561 OF OFFICIAL RECORDS.

APN: 214-382-12-00

EXHIBIT "E"                                    PAGE 37

**RECORDING REQUESTED BY:**
First American Title

**AND WHEN RECORDED MAIL TO:**

Louis Lukondi and Rosie Lukondi
P.O. Box 4460
Carlsbad, CA 92018

DOC#  2016-0465537

Sep 06, 2016  04:59 PM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES:   $805.00
PCOR: INC
PAGES: 1

THIS SPACE FOR RECORDER'S USE ONLY:

| | |
|---|---|
| **Title Order No.:** 5184017-9 | **Escrow No.:** 022047-JF |
| **AP#:** 214-382-12-00 | **GRANT DEED** |

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
**DOCUMENTARY TRANSFER TAX is** $770.00
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area   [X] City of Carlsbad **AND**

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
**Sophie Scarlett, LLC, a Wyoming Limited Liability Company**

hereby GRANT(s) to: **Louis Clayton Lukondi and Rosanie Lukondi, Husband and Wife as Community**

**Property with Right of Survivorship**

the real property in the City of Carlsbad, County of San Diego, State of California, described as:
Parcel 1: Lot 136 of Carlsbad Tract No. 76-4, (Altamira Unit No. 4), in the City of Carlsbad, County of San Diego,
State of California, according to map thereof No. 8423, filed in the Office of the County Recorder of San Diego
County, November 26, 1976; and as fully described on the attached one page marked "Exhibit "A", which by this
reference thereto, is incorporated herein and made a part hereof.
**Also Known as:** 6783 Heath Court, Carlsbad, CA 92011

Dated: July 26, 2016

Sophie Scarlett, LLC, a Wyoming Limited Liability Company

By: _Terry A. Slattery_

Terry A. Slattery, Manager

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to
which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF   CA
COUNTY OF   San Diego
On  8/17/2016   before me,   Matt Hampshire   A Notary Public personally
appeared Terry A. Slattery who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and
correct.

WITNESS my hand and official seal.

Signature _____     (Seal)

MATT HAMPSHIRE
Notary Public - California
San Diego County
Commission # 2150773
My Comm. Expires May 24, 2020

MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS SHOWN ABOVE: